**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT KNOXVILLE**

|  |  |  |
|---|---|---|
| MARCO VALDEZ, derivatively on behalf of MILLER ENERGY RESOURCES, INC., | : : : : | |
| Plaintiff, | : | Case No. 3:11-CV-462 |
| v. | : : | Judges Varlan / Shirley |
| DELOY MILLER, SCOTT M. BORUFF, JONATHAN S. GROSS, HERMAN GETTELFINGER, DAVID HALL, MERRILL A. MCPEAK, CHARLES M. STIVERS, DON A. TURKLESON, AND DAVID VOYTICKY, | : : : : : | |
| Defendants, | : : | |
| and | : : | |
| MILLER ENERGY RESOURCES, INC, | : : | |
| Nominal Defendant. | : : | |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND

**I.    INTRODUCTION**

Plaintiff Marco Valdez ("Plaintiff") submits this memorandum of law in support of his

motion to remand the above captioned shareholder derivative action (the "Derivative Action") to

the Chancery Court for Knox County, Tennessee (the "Chancery Court").

On September 23, 2011, Defendant Herman Gettlefinger ("Gettlefinger" or the

"Removing Defendant") filed a Notice of Removal of the Derivative Action citing  28 U.S.C. §

1441 ("Section 1441") as the purported basis for removal and asserting that diversity jurisdiction

exists.  *See* Notice of Removal [Dkt. No. 1]. The clear text of Section 1441(b), however,

1

prohibits removal, even when the parties are completely diverse, if any defendant in the action has been served with the complaint **and** "is a citizen of the State in which such action is brought." *See* 28 U.S.C. Section 1441(b) (prohibiting removal if any of the "parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought").

Defendants Gettlefinger, Deloy Miller ("Miller"), Scott M. Boruff ("Boruff") and Nominal Defendant Miller Energy Inc. ("Miller Energy" or the "Company") were each citizens of the State of Tennessee at the time the Derivative Action was brought. *See*, Summons of Gettlefinger, Miller, Boruff and Miller Energy attached to the Declaration of Dale Montpelier (the "Montpelier Decl.") as Exhibit 1, A-D. Further, each of these defendants were served with the Verified Shareholder Derivative Complaint and Summons prior to the filing of the Notice of Removal. *See*, Proofs of Service of Gettlefinger, Miller, Boruff and Miller Energy attached to the Montpelier Decl. as Exhibit 2, A-D, respectively. Therefore, despite the Removing Defendant's erroneous assertions, Section 1441(b) clearly and undeniably prohibits the removal of the Derivative Action.[1] As detailed herein, courts commonly refer to this as the "no local defendant rule" of Section 1441(b), which prevents removal even when complete diversity otherwise exists. *See e.g. Lindsey v. Kentucky Medical Investors, Ltd.*, No. Civ. A. 05-116-DLB, 2005 WL 2281607, at *6 (E.D. Ky. Sept. 19, 2005) (citing *Getty Oil Corp. v. Insurance Co. of North America*, 841 F.2d 1254, 1258 (5th Cir. 1988)).

---

[1] The Removing Defendant does not allege federal question jurisdiction in his removal papers. Indeed, the breach of fiduciary duty and other state common law claims in the Complaint do not raise a federal question. *See e.g. Taylor Chevrolet Inc. v. Medical Mutual Services LLC*, No. 07-4505, 306 Fed. Appx. 207, 2008 WL 5378025, at *1-*2, *5 (6th Cir. Dec. 22, 2008)(affirming remand of action and award of attorneys' fees and costs from removal in that plaintiff's state common law claims, including claims for breach of fiduciary duty, did not present a federal question).

2

## II.    BACKGROUND AND FACTS OF THE DERIVATIVE ACTION

On August 23, 2011, Plaintiff filed a shareholder derivative action on behalf of Miller Energy against certain current and former members of its Board of Directors and executive officers (the "Defendants")[2] asserting state law causes of action against Defendants for, *inter alia*, breach of fiduciary duties and failing to maintain internal controls in violation of Ten. Code Ann. § 48-18-301 that resulted in substantial damages to the Company.  *See*, Verified Shareholder Derivative Complaint (the "Complaint") at 38-40 attached to the Montpelier Decl. as Exhibit 3.  Specifically, Plaintiff alleges that Defendants made false and/or misleading statements and/or failed to disclose: (1) that the value of the Alaskan assets acquired by the Company were substantially less than claimed by the Company; (2) that the Company was inappropriately recording revenue on a gross basis for overriding royalty interests rather than recording revenue on a net basis; (3) that the Company failed to record sufficient compensation expense on certain equity awards; (4) that the Company did not properly calculate the liability for derivative instruments; (5) that, as a result of the above, the Company's financial statements were misstated; (6) that the Company's financial results were not prepared in accordance with Generally Accepted Accounting Principles ("GAAP"); (7) that the Company lacked adequate internal and financial controls; and (8) that, as a result of the above, the Company's financial statements were materially false and misleading at all relevant times.  *Id*. at 3.

To date, all Defendants have been properly served in accordance with Local Rule Tenn.R.Civ.P. 4.04(1) and (10).  *See*, Proofs of Service attached to the Montpelier Decl. as Exhibit 2, A-J.  Specifically, Gettlefinger, Miller, Boruff and the Company, were all citizens of the forum state (i.e. Tennessee) at the time of removal and were properly served prior to the

---

[2] "Defendants" refers to Miller, Boruff, Jonathan S. Gross, Gettlefinger, David Hall, Merrill A. McPeak, Charles M. Stivers, Don A. Turkleson and David Voyticky.

filing of the Notice of Removal on September 23, 2011. *See*, Proofs of Service of Gettlefinger, Miller, Boruff and Miller Energy at Exhibit 2, A-D.[3] Thus, as set forth in detail below, removal was improper and the Derivative Action must be remanded to the Chancery Court.

## III.    ARGUMENT

### A.    Standards for Removal and Remand

Federal removal jurisdiction implicates the bedrock principles of federalism, comity, and a plaintiff's right to choose its own forum. To uphold these principles, the United States Supreme Court mandated strict construction of the removal statutes. *Shamrock Oil & Gas Co. v. Sheets,* 313 U.S. 100, 108-109, 61 S.Ct. 868, 85 L.Ed.2d 1214 (1941), *superseded by statute on other grounds as recognized in Breuer v. Jim's Concrete of Brevard, Inc.,* 538 U.S. 691, 697, 123 S.Ct. 1882, 155 L.Ed.2d 923 (2003). As the Sixth Circuit has pointed out, removal statutes should be construed against removal. *Tech Hills II Assocs. v. Phoenix Home Life Mut. Ins. Co.*, 5 F.3d 963, 968 (6th Cir. 1993). *See also Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 534 (6th Cir. 1999)("In interpreting the statutory language, we are mindful that the statutes conferring removal jurisdiction are to be construed strictly because removal jurisdiction encroaches on a state court's jurisdiction."). Any doubt regarding jurisdiction should be resolved in favor of the state court retaining jurisdiction, and the burden of establishing federal jurisdiction falls on the party seeking removal. *See Sherwood v. Microsoft Corp.,* 91 F.Supp.2d 1196, 1199 (M.D. Tenn. 2000)("[R]emoval statutes are to be strictly construed [and]…in favor of remand.) (citing *Nasco Inc. v. Norsworthy*, 785 F.Supp. 707, 710 (M.D. Tenn. 1992)). *See also Brierly*, 184 F.3d at 534 (any "doubt should be resolved in favor of remand"). The burden

---

[3] Indeed, Defendant Boruff's counsel even filed a Notice of Appearance in Chancery Court on September 22, 2011, prior to the removal of the Derivative Action. *See*, Notice of Appearance attached to the Montpelier Decl. as Exhibit 4.

of proof is on the defendant to justify its removal of the action by a preponderance of the evidence. *Sherwood*, 91 F. Supp. 2d. at 1200.

**B.    The Removing Defendant Has Not Met His Burden of Proving That Removal Was Proper Pursuant to 28 U.S.C. § 1441**

Removal of a civil action brought in a state court, such as the Derivative Action, is governed by Section 1441. *See* 28 U.S.C. § 1441. Specifically, Section 1441(a) provides for removal of actions generally, and, as the Sixth Circuit has explicitly stated, Section 1441(b) **"*limits a defendant's ability to remove actions from a state court to situations where the defendant is not a citizen of the state in which such action is brought*.**" *Thompson v. Merrell Dow Pharmaceuticals, Inc*. 766 F.2d 1005, 1006 (6th Cir. 1985) (emphasis added). Simply put, the standard for determining when an action is removable is whether the court would have had jurisdiction if the action had been instituted originally in federal court under Section 1332, ***subject to the limitations of Section 1441(b)***. *Id.* (emphasis added); Wright & Miller, 14B Fed. Prac. & Proc. § 3723 (4th ed. 2011) ("Section 1441(b) limits the right of removal to non-citizen defendants.")

Defendants have not met and cannot meet their burden of proving that removal of the Derivative Action was proper as all of the evidence demonstrates that removal was improper. Clearly, four (4) Defendants, who were and presumably still are, citizens of Tennessee, were properly served prior to the removal of the Derivative Action. [4] Specifically, there is no dispute that Defendants Gettlefinger, Boruff and Miller were citizens of Tennessee as all were served at their residences located in Tennessee. *See,* Proofs of Service of Gettlefinger, Boruff and Miller, attached to the Montpelier Decl. as Exhibit 2, A-C. Also, there is no dispute that Miller Energy's principal place of business is located in Huntsville, Tennessee. *See* Notice of Removal,

---

[4]  Defendants and the Company were served in accordance with Tenn.R.Civ.P. 4.04(1) and (10).

¶2; Complaint, ¶12. Thus, Miller Energy is also a citizen of Tennessee and was properly served at its principal place of business on September 14, 2011. [5] *See*, Miller Energy Proof of Service, attached to the Montpelier Decl. as Exhibit 2, D. Lastly, there is no dispute that Gettlefinger was properly served on August 27, 2011, Miller was properly served on September 6, 2011, and Boruff was properly served on September 12, 2011 all prior to the removal of the Derivative Action on September 23, 2011. *See*, Proofs of Service at Exhibit 2, A-C. *See also* Notice of Removal at 1 (affirming that Gettlefinger was served on August 27, 2011).

Therefore, the undisputed facts clearly demonstrate that removal of the Derivative Action was improper, as Section 1441(b) expressly prohibits the removal of a civil action based upon diversity of citizenship when a defendant is a citizen of the forum state and has been properly served. *See Thompson,* 766 F.2d at 1006 (Section 1441(b) "limits a defendant's ability to remove actions from a state court to situations where the defendant is not a citizen of the state in which such action is brought."); *Owens v. Detroit Diesel Corp.*, No. 09-13583, 2009 WL 3873507, at *4 (E.D. Mich. Nov. 16, 2009)(granting remand where resident defendant was served prior to removal, even where diversity jurisdiction otherwise exists); *Lindsey,* No. Civ. A. 05-116-DLB, 2005 WL 2281607, at *6 (removal improper despite complete diversity jurisdiction where defendant residing in forum was served prior to removal); *see also* Wright & Miller, 14C Fed. Prac. & Proc. § 3723 (4th ed. 2011) ("Section 1441(b) explicitly provides, and the cases uniformly hold, that removal to federal court based on diversity of citizenship is available only if none of the parties in interest properly joined and served as a defendant is a citizen of the state in which the action is brought…"). Gettlefinger, Miller, Boruff and Miller Energy are each

---

[5] A corporation has citizenship in its state of incorporation and where it has its principal place of business. *Certain Interested Underwriters at Lloyd's, London, England. v. Layne*, 26 F.3d 39, 41 (6th Cir. 1994) (citing 28 U.S.C. §1332(c)(1)).

Tennessee citizens and each was properly served prior to the filing of the Notice of Removal. *See*, Montpelier Decl. at Exhibit 2, A-D. Accordingly, the Derivative Action is not removable under Section 1441 and must be remanded to the Chancery Court.

## IV. ATTORNEY'S FEES SHOULD BE AWARDED TO PLAINTIFF'S COUNSEL AS A RESULT OF THE WRONGFUL REMOVAL

28 U.S.C. § 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Finding of improper purpose is not necessary to support award of attorney fees upon remand. *Id.* District courts have considerable discretion to award costs and attorney fees under 28 U.S.C. § 1447(c). *Warthman v. Genoa Township Bd. of Trustees*, 549 F.3d 1055, 1059 (6th Cir. 2008). *See also Taylor Chevrolet*, 2008 WL 5378025, at *5 (finding district court did not abuse its discretion in awarding attorneys' fees and costs in action where defendants removed state common law claims, including claims for breach of fiduciary duty, by asserting that such claims raised a federal question pursuant to the Employee Retirement Income Security Act of 1974). Furthermore, the Supreme Court has held that absent unusual circumstances, courts may award attorney fees under 28 U.S.C. § 1447(c) where removing party lacked objectively reasonable basis for seeking removal. *Martin v. Franklin Capital Corp*. 546 U.S. 132, 141, 126 S.Ct. 704, 163 L.Ed.2d 547 (2005). In *Martin*, the Supreme Court noted that Congress designed the costs-and-fees provision in 28 U.S.C. § 1447(c) to "reduce the attractiveness of removal as a method for delaying litigation and imposing costs on the plaintiff." *Martin,* 546 U.S. at 140.

Based on clear authority from the Sixth Circuit and the explicit wording of Section 1441(b), removal of the Derivative Action was improper and there was no objectively reasonable basis for removing the Derivative Action and the Removing Defendant cannot credibly argue otherwise. Under such circumstances, Plaintiff should not have to bear the expense of correcting

Defendants' frivolous attempt to remove the Derivative Action.  Thus, Plaintiff's costs and attorney fees associated with the improper removal and this Motion to Remand should be imposed on the Removing Defendant.

## V.    CONCLUSION

For the reasons stated above, Plaintiff respectfully requests that the Derivative Action be remanded to the Chancery Court, with attorney's fees and costs assessed against Removing Defendant for the erroneous and frivolous removal.

Date: October 19, 2011                         Respectfully submitted,

/s/Dale J. Montpelier
Dale J. Montpelier, Esq.
**MONTPELIER & YOUNG VN, P.C.**
420 Ebenezer Road
Knoxville, TN 37923
Telephone:  (865) 673-0330
Facsimile:  (865) 673-0440

William B. Federman
**FEDERMAN & SHERWOOD**
10205 N. Pennsylvania Avenue
Oklahoma City, OK 73120
Telephone:  (405) 235-1560
Facsimile:  (405) 239-2112

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 19, 2011, a true and exact copy of the foregoing has been filed electronically.  Notice of filing will be sent by operation of the Court's ECF filing system to all parties indicated on the ECF filling receipt.

/s/Dale J. Montpelier
Dale J. Montpelier

8