UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| MARCO VALDEZ, derivatively on behalf of ) <br> MILLER ENTERGY RESOURCES, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> V. ) <br> ) <br> DELOY MILLER, *et al.*, ) <br> ) <br> Defendants. ) | No. 3:11-CV-462 <br> (VARLAN/SHIRLEY) |

## REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the order of the District Judge [Doc. 24] referring Plaintiff's Motion to Remand [Doc. 6], to the undersigned for disposition or report and recommendation as may be appropriate. In his motion, the Plaintiff moves the Court to remand this case to the Chancery Court for Knox County, Tennessee, pursuant to 28 U.S.C. § 1447. Further, he requests that the Court award him attorneys' fees and costs pursuant to 28 U.S.C. § 1447(c). The Defendants have responded in opposition to the Motion to Remand, [Doc. 22], and the Plaintiff has made a final reply [Doc. 28].

The Court finds that the Motion to Remand is ripe for adjudication, and for the reasons more fully stated below, the Court will **RECOMMEND** that the Motion to Remand be **GRANTED IN PART** and **DENIED IN PART**.

## I. BACKGROUND

In his Complaint, the Plaintiff alleges that on December 16, 2009, Miller Energy Resources, Inc. ("Miller Energy"), announced that it had acquired Alaskan assets formerly owned by Pacific Energy Resources. [Doc. 1-1 at ¶ 1]. Miller Energy allegedly represented the value of these reserves as exceeding $300 million. Miller Energy announced that the assets had been purchased for $2.25 million, through Chapter 11 bankruptcy proceedings. [Doc. 1-1 at ¶ 1].

On July 28, 2011, a report published on the internet called Miller Energy's valuation of these assets into question. [Doc. 1-1 at ¶ 2]. The report cited an executive from a company that had decided not to buy the same assets. The executive opined that the assets likely had a value between $25 million and $30 million, which was offset by $40 million worth of liabilities that came with the acquisition of the assets. [Doc. 1-1 at ¶¶ 2, 41]. This article alleged, *inter alia*, that: the corporate plane recently purchased had been used for numerous personal trips; Defendant Boruff had recently purchased an extremely lavish home in Knoxville, Tennessee; and the company had awarded substantial salaries, including a salary, with a bonus structure, to Defendant Voyticky that could exceed more than half of the total cash listed on Miller Energy's most recent balance sheet. [Doc. 1-1 at ¶ 41].

The Plaintiff alleges that, following this report, the value of a share of Miller Energy declined substantially. [Doc. 1-1 at ¶ 3]. The Plaintiff further alleges that on July 29, 2011, after the close of the market, Miller Energy filed its Annual Report on Form 10-K with the United States Securities and Exchange Commission ("SEC"). [Doc. 1-1 at ¶ 4]. The Plaintiff alleges that on August 1, 2011, Miller Energy announced that certain portions of their filing with the SEC should not be relied upon, explaining "[t]he 2011 10-K was filed with the SEC on July 29, 2011 prior to KPMG LLP completing its review of the annual report and issuing their

2

independent accountants' report on the financial statements . . . ." [Doc. 1-1 at ¶ 5]. The Plaintiff maintains that, on this news, the value of a share of Miller Energy again declined. [Doc. 1-1 at ¶ 6].

The Plaintiff maintains that, between March 15, 2010 and August 1, 2011, the Defendants made false and/or misleading statements and failed to disclose material adverse facts about the Company's business, operations, and prospects. [Doc. 1-1 at ¶ 7]. The Plaintiff contends that the financial statements prepared by Miller Energy during this time did not comply with the generally accepted accounting principles ("GAAP"). [Doc. 1-1 at ¶¶ 47-51]. The Plaintiff argues that the Defendants' conduct was extremely reckless, and the conduct has resulted in massive damages for Miller Energy and its stockholders. [Doc. 1-1 at ¶ 8].

The Plaintiff filed his Complaint [Doc. 1-1], in the Chancery Court for Knox County, Tennessee, on August 30, 2011. The Complaint presents claims for: breach of fiduciary duty for disseminating false and misleading information pursuant to Tennessee Code Annotated § 48-18-301, breach of fiduciary duties for failing to maintain internal controls pursuant to Tennessee Code Annotated § 48-18-301, breach of fiduciary duties for failing to properly oversee and manage Miller Energy Resources, Inc., unjust enrichment, abuse of control, gross mismanagement, and waste of corporate assets. [Doc. 1-1 at ¶¶ 88-117].

The Defendants filed a Notice of Removal [Doc. 1], with this Court on September 23, 2011. The Defendants cited 28 U.S.C. § 1332 as the basis of their removal, stating that the Plaintiff was a citizen of Colorado and none of the Defendants are residents of the state of Colorado. [Doc. 1 at ¶¶ 3-4].

On October 19, 2011, the Plaintiff filed the instant motion moving this Court to remand the case to the Chancery Court for Knox County, Tennessee.

3

**II.     POSITIONS OF THE PARTIES**

The Plaintiff initially directs the Court to 28 U.S.C. § 1441(b), which prohibits remand, even where the parties are diverse, if any defendant in the action has been served with the complaint and "is a citizen of the State in which such action is brought." [Doc. 7 at 2]. The Plaintiff maintains that Defendants Herman Gettelfinger, Deloy Miller, Scott M. Boruff, and Miller Energy were each citizens of the State of Tennessee at the time this derivative action was brought. Further, the Plaintiff states that each of these defendants was served with the complaint in this matter prior to the filing of the Notice of Removal. [See Doc. 8-2]. Therefore, the Plaintiff argues that 28 U.S.C. § 1441(b), also known as the no-local-defendant rule, "clearly and undeniably prohibits" the removal of this case. [Doc. 7 at 2].

The Plaintiff also moves the Court to award attorneys' fees and costs pursuant to 28 U.S.C. § 1447(c), which states that an "order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." [Doc. 7 at 7].

The Defendants filed a Joint Response to Motion to Remand [Doc. 22], in which they state that they "do not contest any of the factual assertions regarding service raised by Plaintiff in his motion as they pertain to diversity jurisdiction." [Doc. 22 at 1]. The Defendants do not further address 28 U.S.C. § 1441(b). The Defendants, instead, argue that the Court may retain jurisdiction of this case on the basis of federal question jurisdiction. [Doc. 22 at 1].

The Defendants note that there are two "virtually identical" shareholder derivative suits pending before this Court, and they maintain that the Court should retain jurisdiction over this case for three reasons. First, the Plaintiff argue that all three of these putative shareholder derivative cases arise out of "precisely the same nucleus of operative facts, allege identical

4

causes of action, are based upon the same legal theories, name the same defendants and all are brought in the name of the same real party in interest, Miller Energy Resources, Inc." [Doc. 22 at 2 (internal footnote and abbreviation omitted)]. Second, the Defendants argue that, while this case is brought for the benefit of Miller Energy, having three cases proceed in separate courts will not benefit the corporation. [Doc. 22 at 2-3]. Finally, the Defendants argue that the Court may elect to assert jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1441, as was done in Landers v. Morgan Asset Management, 2009 WL 962689 (W.D. Tenn. 2009)(denying a motion to remand where shareholders' negligence and fiduciary duty claims asked the court to evaluate the corporation's actions in light of requirements imposed by federal securities law making remand to state court inappropriate). [Doc. 22 at 3].

The Plaintiff replies that the Defendants did not raise federal question jurisdiction as a basis for their removal. The Plaintiff argues that the Defendants have, therefore, waived their right to allege federal question jurisdiction. [Doc. 28 at 1]. In regards to the substance of the claims in this case, the Plaintiff notes that the Supreme Court of the United States has established that federal question jurisdiction is confined to claims that "really and substantially involv[e] a dispute or controversy respecting the validity, construction or effect of [federal] law." Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 313 (2005) (quoting Shulthis v. McDougal, 225 U.S. 561, 569 (1912)). The Plaintiff maintains that in this case it is "clearly and easily understood that Plaintiff's causes of action were brought under state law." [Doc. 28 at 3].

The Plaintiff contends that the Landers case is distinguishable from the instant suit. [Doc. 28 at 4]. The Plaintiff notes that several courts have not been persuaded by the analysis in Landers, and its analysis has been contradicted by numerous other courts granting motions to remand. See Electrical Workers Pension Fund, Local 103, I.B.E.W. v. Morry Weiss, 2010 WL

597717 (N.D. Ohio February 17, 2010); Randolph v. Forsee, 2010 WL 5148293 (D. Kan. December 13, 2010). The Plaintiff argues that a finding that the Defendants violated federal securities laws is not essential to the question of whether the Defendants breached their fiduciary duties to shareholders in violation of Tennessee statutes. [Doc. 28 at 6]. The Plaintiff maintains that there is no rule of law that prevents similar actions proceeding simultaneously in different courts. [Doc. 28 at 6].

**III. ANALYSIS**

Because they implicate federalism concerns, removal statutes are narrowly construed. See Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941); Wilson v. U.S. Dept. of Agric., 584 F.2d 137, 142 (6th Cir. 1978). "[A]ny disputed questions of fact and ambiguities in the controlling state law [should be resolved] . . . in favor of the nonremoving party," Alexander v. Elec. Data Sys. Corp., 13 F.3d 940, 949 (6th Cir. 1994) (quoting Carriere v. Sears Roebuck & Co., 893 F.2d 98, 100 (5th Cir. 1990) (alterations by the quoting court)), and the "removal petition is to be strictly construed with all doubts resolved against removal." Her Majesty the Queen in Right of the Province of Ontario v. City of Detroit, 874 F.2d 332, 339 (6th Cir. 1989). The burden of showing that the district court has original jurisdiction is on the party seeking removal. See id.

**A.    28 U.S.C. § 1441(b) Precludes Removal of this Action**

The Defendants have filed a Notice of Removal asserting that this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332. Pursuant to 28 U.S.C. § 1332, the district courts have original jurisdiction in civil actions where the amount in controversy exceeds $75,000 and the parties are citizens of different states. 28 U.S.C. § 1332(a)(1). Actions brought in state

court, which meet the criteria of 28 U.S.C. § 1332(a), may be removed to the district court embracing the place where the action is pending. See 28 U.S.C. § 1441(a). However, 28 U.S.C. § 1441(b) directs that an action based upon diversity jurisdiction under § 1332 "shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b).

In this case, the Defendants have relied on diversity jurisdiction under § 1332(a), as the basis for their removal. This action was originally brought in the State of Tennessee, and at least four of the defendants in this action are citizens of the State of Tennessee. Defendants Gettlefinger, Deloy Miller, Scott M. Boruff, and Nominal Defendant Miller Energy were each citizens of the State of Tennessee at the time the Derivative Action was brought. [See Doc. 8-2]. The Defendants do not dispute that they are citizens of the State of Tennessee. [See Doc. 22 at 1].

Accordingly, because this action was brought in a court in the State of Tennessee and because at least four of the Defendants in this action are citizens of the State of Tennessee, the Court finds that 28 U.S.C. § 1441(b), also known as the no-local-defendant rule, precludes removal of this case.

**B.  Alternatively, the Defendants Have Not Timely Asserted Federal Question Jurisdiction**

Alternatively, the Court finds that the Defendants have not timely asserted federal question jurisdiction, and they have, thereby, waived their ability to remove this action based upon federal question jurisdiction by failing to file a notice of removal citing federal question jurisdiction within thirty days of receiving the complaint or summons.

As the Court of Appeals for the Sixth Circuit has explained:

> To remove a civil action from state court to federal court, the following pleading requirements must be met: (1) the defendant or defendants must file in the district court a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and

7

> containing a short and plain statement of the grounds for removal, along with a copy of all pleadings and orders served upon the defendant or defendants; and (2) the notice of removal must be filed within 30 days of receiving the complaint or summons, whichever period is shorter, or within 30 days of receiving an amended pleading, motion, order, or "other paper" from which the removability of the action may first be ascertained.

Harper v. AutoAlliance Int'l, Inc., 392 F.3d 195, 201 (6th Cir. 2004) (citing 28 U.S.C. § 1446(a), (b)).

In this case, Defendant Herman Gettelfinger was served with a copy of the summons and complaint on August 27, 2011. [Doc. 8-2 at 2-3]. Defendant Deloy Miller was served on September 6, 2011, [Doc. 8-2 at 5], and Defendant Scott Boruff was served on September 12, 2011, [Doc. 8-2 at 6]. Nominal Defendant Miller Energy was served, via its registered agent Deloy Miller, on September 12, 2011. [Doc. 8-2 at 8]. Defendant David Hall was served on September 7, 2011, [Doc. 8-2 at 9], and Defendant Merrill McPeak was served on September 1, 2011, [Doc. 8-2 at 10]. Defendant Charles Stivers was served on September 1, 2011, [Doc. 8-2 at 11], and Defendant Don A. Turkleson was served on August 23, 2011, [Doc. 8-2 at 12]. Defendant David Voyticky was served, via his refusal to accept the package containing the complaint and summons, see Tenn. R. Civ. P. 4.04(11), 4.05, on August 29, 2011, [Doc. 8-2 at 14-15]. Defendant Jonathon Gross was served on September 15, 2011. [Doc. 8-2 at 16].

The question before the Court is whether the removing party may plead diversity jurisdiction, which is not a viable grounds for removal in this case, in its notice of removal, and later defeat a motion to remand by alleging another basis for jurisdiction, without timely including this basis for jurisdiction in its notice of removal or any amended notice of removal. The Court finds, in this case, that the removing party may not defeat a motion to remand by

8

alleging another basis for jurisdiction outside of the thirty-day period allotted under 28 U.S.C. § 1446(b).

Neither party has cited the Court to controlling authority on this issue, nor have the parties cited the Court to any cases deciding similar issues within this Circuit. The Defendant has cited the Court to Blakeley v. United Cable System, 105 F.Supp.2d 574 (S.D. Miss. 2000), which the Court finds to be analogous and persuasive.

In Blakeley v. United Cable System, the plaintiff brought suit alleging various contract-related claims, negligence, and violation of the Mississippi Unfair or Deceptive Acts and Practices Act. Id. at 577. The defendants timely removed on the basis of diversity jurisdiction under 28 U.S.C § 1332 and bankruptcy removal jurisdiction. The defendants later conceded that diversity jurisdiction was not present because the amount in controversy was insufficient, id. at 578, and the alleged jurisdiction related to bankruptcy was also found to be insufficient, id. at 581-83.

In response to the plaintiff's motion to remand, the defendants in Blakeley argued that case could be removed based upon federal question jurisdiction. They argued that "plaintiff's claims, though nominally pled as state-law claims, actually 'arise-under' federal law, and specifically the Truth in Lending Act." Id. The court in Blakeley found this argument in support of removal was not well-taken. Id. The court noted that the defendants "did not purport to remove the case on the basis of federal question jurisdiction under 28 U.S.C. § 1331 and instead, first asserted TILA-based federal question jurisdiction in response to plaintiff's motion to remand." Id.

The court in Blakeley explained:

> Within the thirty-day period prescribed by § 1446(b), a defendant
> may freely amend its notice of removal. And the majority of

9

> courts have recognized – at least in more recent times – that even after expiration of this thirty-day period, a defendant may still be allowed to amend its removal petition in order to cure defective allegations of jurisdiction.
>
> . . . .
>
> However, the courts that have addressed the issue have uniformly recognized that a defendant's ability to amend the removal petition after the thirty-day time limit for removal prescribed by § 1446 extends only to "amendments to correct 'technical defects' in the jurisdictional allegations in the notice of removal," and that amendments to remedy a [sic] "a substantive defect in the [removal petition]", i.e., to add a new basis for federal jurisdiction are not permitted.

Id. at 578-79 (internal citations removed).

In this case, the Notice of Removal was filed September 23, 2011. The Notice of Removal asserted that this case "is a civil action of which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332 and is one which may be removed to this Court, pursuant to the provisions of 28 U.S.C. § 1441, in that the complete diversity of citizenship exists between parties." [Doc. 1 at 2]. As stated above, the parties in this action are not diverse, and the basis for removal stated in the Notice of Removal is not a proper basis for removal.

As the court in Blakeley noted, the party removing the action – in this case, the Defendants – may add substantive amendments to its notice of removal until the thirty-day period allotted for removing the action has expired. In this case, the Defendants never filed an amended Notice of Removal, and more than thirty days have passed since the Defendants were served with the summons and complaints in this case. Thus, the time for making substantive amendments to the Notice of Removal has expired.

Because the Defendants have not amended their Notice of Removal to include an allegation of jurisdiction based upon federal question jurisdiction, the Court finds that the Defendants have waived their opportunity to rely on this jurisdictional basis. The Court,

10

therefore, finds that no valid jurisdiction basis for removal has been presented, and this case should be remanded.

**C.      Alternatively, Federal Question Jurisdiction Has Not Been Demonstrated**

In the alternative, the Court finds that the Court does not have original jurisdiction, based upon a federal question, under 28 U.S.C. § 1331.

A district court has original jurisdiction pursuant to 28 U.S.C. § 1331 "only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). This rule of the "well-pleaded complaint" requires that courts generally look to the complaint alone to determine whether a claim arises under federal law. Gully v. First Nat'l Bank, 299 U.S. 109 (1936).

Under limited circumstances, a defendant may force a plaintiff to proceed in federal court. The three exceptions to the "well-pleaded complaint" rule include: (1) the artful-pleading doctrine: the plaintiff may not avoid removal jurisdiction by "artfully casting their essentially federal law claims as state-law claims"; (2) the complete-preemption doctrine: removal is proper when a federal statute has wholly displaced the state-law cause of action; and (3) the substantial-federal-question doctrine: removal is proper where vindication of a right under state law "necessarily turn[s]" on construction of federal law. Mikulski v. Centerior Energy Corp., 501 F.3d 555, 560 (6th Cir. 2007) (internal citations omitted).

In this case, the Defendants have argued that the Plaintiff has engaged in artful pleading, which is closely tied to the doctrine of complete preemption. The Defendants also indirectly argue that the case presents a substantial federal question through their reference to the Landers case. The Court will address each of these arguments in turn.

11

*1. Artful-Pleading Doctrine and Complete-Preemption Doctrine*

The Court of Appeals has explained the boundaries of the artful-pleading doctrine and the ties between it and the complete-preemption doctrine, by stating:

> Under the artful-pleading doctrine, a federal court will have jurisdiction if a plaintiff has carefully drafted the complaint so as to avoid naming a federal statute as the basis for the claim, and the claim is in fact based on a federal statute. Franchise Tax Bd., 463 U.S. at 22, 103 S.Ct. 2841. A defendant raising this doctrine may not rely on facts not alleged in the complaint. Caterpillar Inc. v. Williams, 482 U.S. 386, 397, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). "Although occasionally [a] removal court will seek to determine whether the real nature of the claim is federal, regardless of plaintiff's characterization, most of them correctly confine this practice to areas of the law pre-empted by federal substantive law." Id. at 397 n. 11, 107 S.Ct. 2425 (quotation marks and edits omitted) (citing Federated Dep't Stores, 452 U.S. at 410 n. 6, 101 S.Ct. 2424 (Brennan, J., dissenting)). Thus, artful pleading and preemption are closely aligned.

Mikulski v. Centerior Energy Corp., 501 F.3d 555, 561 (6th Cir. 2007). Consistent with this rule, the Court of Appeals has previously observed that "[w]here federal and state claims are not identical, the artful pleading doctrine has been held not to apply." Her Majesty the Queen, 874 F.2d at 340. As an illustration the Court of Appeals explained, "even a requirement by federal law to operate a railroad does not confer federal jurisdiction over an otherwise well-pleaded state law claim." Id. (citing Zimmerman v. Conrail, 550 F.Supp. 84, 86-87 (S.D.N.Y.1982)).

The Court has examined the claims in this suit. [Doc. 1-1 at ¶¶ 88-117]. The Plaintiff has brought two claims for breach of fiduciary duty under Tennessee Code Annotated § 48-18-301, along with a claim for breach of fiduciary duty for failing to properly oversee and manage the company. The Plaintiff has also alleged unjust enrichment, abuse of control, gross mismanagement, and waste of corporate assets.

The Defendants have not demonstrated that the Plaintiff's claims are identical to federal claims for the same relief. The Defendants allege, generically, that the causes of action are identical, but they make no showing of this congruity. The Defendants' assertion that "[t]here can be no serious dispute that this 'artfully pleaded' complaint arises from the same common nucleus of operative facts as the *Lukas* and *Flynn* shareholder derivative actions currently pending before this court," relies on the *facts* underlying these suits rather than the congruity between the parties' *claims*. The Court's decision is not to turn on the congruity of factual allegations but rather is to turn on the claims presented.

The statute on which the Plaintiff relies, Tenn. Code Ann. § 48-18-301, has not been preempted by federal law, and it specifically allows for the claims brought by the Plaintiff, including those for discharging the duties of a director with good faith, the care of an ordinary person, and in a manner in the best interests of the corporation. The Tennessee courts are well-equipped to handle these claims and the claims under common law presented in this action and do so often. See, e.g., In re Healthways, Inc. Derivative Litigation, 2011 WL 882448 (Tenn. Ct. App. Mar. 14, 2011).

The Defendants have cited the Court to no cases that would support finding artful pleading or preemption in this case, and one of the few cases cited in the Defendants' response supports the opposite conclusion. Though the Defendants cited Landers in support of another portion of their position, it is worth noting that the court in Landers found:

> The elements of the state law causes of action Plaintiffs assert (breach of contract, breach of fiduciary duty, negligence, contribution, and negligent misrepresentation) are not identical to the elements of private federal causes of action for violations of federal securities law. Thus, Plaintiffs' complaint does not plead a federal cause of action on its face and is not "artfully pleaded" to avoid raising a federal question.

13

Landers, 2009 WL 962689, at *5.

Accordingly, the Court finds that the Defendants have not demonstrated that this case would fall under the complete-preemption doctrine or the artful-pleading doctrine.

## 2. *Substantial-Federal-Question Doctrine*

"Under the substantial-federal-question doctrine, a state law cause of action may actually arise under federal law, even though Congress has not created a private right of action, if the vindication of a right under state law depends on the validity, construction, or effect of federal law." Mikulski, 501 F.3d at 565. This doctrine applies "where the vindication of a right under state law necessarily turn[s] on some construction of federal law." Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 9 (1983).

"The substantial-federal-question doctrine has three parts: (1) the state-law claim must necessarily raise a disputed federal issue; (2) the federal interest in the issue must be substantial; and (3) the exercise of jurisdiction must not disturb any congressionally approved balance of federal and state judicial responsibilities." Mikulski, 501 F.3d at 568.

The Defendants cite the Court to the analysis applied in Landers v. Morgan Asset Management, 2009 WL 962689 (W.D. Tenn. Mar. 31, 2009). The complaint in Landers relied more heavily on federal law than the complaint in this case. As the court in Landers noted, "Plaintiffs have explicitly asked the Court to evaluate Defendants' actions in light of requirements imposed by federal securities law." Id. at *8. The Plaintiff's claims in this case do not ask the Court to resolve such questions, and the Court finds the holding in Landers to be neither persuasive nor binding in this case.

The Court instead finds the analysis contained in Electrical Workers Pension Fund, Local 103, I.B.E.W. v. Morry Weiss, 2010 WL 597717 (N.D. Ohio February 17, 2010), to be

14

persuasive. In Weiss, the Plaintiffs brought claims for breach of fiduciary duty and other business torts related to back-dating of stock options. Id. at *3. In applying the substantial-federal-question doctrine, the Court explained, "For jurisdiction to arise based upon a substantial federal question, a federal issue must be actually contested rather than merely implicated, the interpretation of federal law must be at issue, and the resulting interpretation of federal law must have the potential either to control many other cases or impair the operation of a federal agency." Id. at *5. The court in Weiss noted that "neither plaintiffs nor defendants have identified any applicable federal law, rule, or regulation whose interpretation is problematic or unclear in this case." Id. at *6. The court found that the case required "the resolution of disputed questions of fact followed by the relatively unambiguous application of federal law to those facts." Id. The court in Weiss further noted that the resolution of the case was "highly dependent" on determination of the futility of demand issue to be addressed under federal law. Id. at *6.

The court in Weiss was not persuaded by Landers and noted that the holding in Landers was contradicted by Adams v. Amdahl, 2006 WL 2620400 (W.D. Wash. Sept.12, 2006), and Ekas v. Burris, 2007 WL 4055630 (S.D. Fla. Nov.14, 2007), both of which granted motions to remand under similar circumstances.

In this case, as in Weiss, neither party has identified any applicable federal law, rule, or regulation whose interpretation is problematic or unclear in this case. The case will involve a determination of whether the Defendants: discharged their duties with care, loyalty, and good faith (Count I); exercised good faith in supervising Miller Energy's financial operations or willfully ignored problems with internal controls (Count II); breached their duties of care, loyalty, reasonable inquiry, oversight, good faith, and supervision (Count III); unjustly enriched themselves through wrongful acts and omissions (Count IV); abused their control and influence

15

over Miller Energy (Count V); grossly mismanaged Miller Energy, by knowingly or recklessly disregarding unreasonable risks (Count VI); and/or wasted corporate assets (Count VII).[1] The Defendant has not demonstrated how determination of these issues will require application of a federal law, or how such application would be problematic or unclear.

The Defendants have cited the Court to the Plaintiff's allegations that the Defendants failed to file certain documents with the SEC. These failures are part of a larger swath of allegations of wrongdoing including improper allocation of assets, abuse of discretion in corporate salaries, etc. Even considering the allegations of failure to comply with SEC reporting requirements, the Court finds that, at most, federal laws are merely implicated in this case and their interpretation is not at issue or likely to be problematic. Accordingly, the Court finds that the Defendants have failed to demonstrate the first part of the substantial-federal-question doctrine, and therefore, the substantial-federal-question doctrine does not prevent remand in this case.

**D.      Similarity of this Case to Other Cases Pending before the Court**

Finally, the Defendants spent a large portion of their brief discussing the logistical advantages of and the efficiency of the Court denying the motion to remand. See, e.g., Doc. 22 at 2 ("[T]here is absolutely no benefit to the corporation in having identical cases proceed on separate procedural tracks."); Doc. 22 at 2-3 ("The most sensible approach to managing three virtually identical lawsuits is to have them consolidated in one Court."). The Defendants have not cited any regulation or case law that holds that such concerns are grounds for retaining jurisdiction where it would not otherwise exist. As stated above, there are three exceptions to the well-pleaded complaint rule, and the Defendants' complaints regarding allocation of resources

---

[1] This is a summary of the allegations brought by the Plaintiff. It is not a statement of the essential elements of these claims. The case will also involve the requisite findings of causation and damages. This summary is not meant to make any finding as to any party's burden in regards to dispositive motions or at trial.

16

do not constitute an exception to the rule, nor do logistical arguments supplant the findings previously discussed, see supra at III.A, III.B.

Accordingly, the Court finds that the Defendants' arguments in this regard are not well-taken.

**E.     Attorneys' Fees**

The Plaintiff has requested that the Court order the Defendants to pay the attorneys' fees and costs incurred in litigating this issue. The Plaintiff makes this request under 28 U.S.C. § 1447(c), which states that an "order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005).

The Court cannot say that the Defendants "lacked an objectively reasonable basis for seeking removal," and therefore, the Court finds that an award of attorneys' fees and costs would not be appropriate in this matter.

## IV. CONCLUSION

Based upon the foregoing, the undersigned finds that the Motion to Remand **[Doc. 6]** is well-taken, and the undersigned **RECOMMENDS**[2] that it be **GRANTED IN PART** and **DENIED IN PART**. The undersigned **RECOMMENDS** that this case be **REMANDED** to the Chancery Court for Knox County, Tennessee, pursuant to 28 U.S.C. § 1447. The Court, however, **RECOMMENDS** that the Plaintiff's request for attorneys' fees and costs be **DENIED**.

>	Respectfully Submitted,
>
>	 s/ C. Clifford Shirley, Jr.
>	United States Magistrate Judge

---

[2] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).